IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARZETTE KING, § 
 § No. 312, 2017
Defendant Below, §
Appellant, § Court Below: Superior Court
 § of the State of Delaware
v. §
 § ID. No. 1606002410A & B
STATE OF DELAWARE, §
 §
Plaintiff Below, §
Appellee. §
 §
 §
 §

Submitted: September 12, 2018
Decided: September 24, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 24th day of September 2018, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Appellant, Marzette King, appeals from a Superior Court jury verdict finding him guilty of Drug Dealing, Possession of Drug Paraphernalia, three counts of Possession of a Firearm During the Commission of a Felony (PFDCF), three counts of Possession of a Firearm By a Person Prohibited, and one count of Possession of Ammunition By a Person Prohibited.

(2) King makes three claims, the second two raised for the first time on appeal. First, King contends that the Superior Court erred in denying his motion for judgment of acquittal on the counts of Drug Dealing and PFDCF because the evidence was insufficient to convict him of Drug Dealing—the requisite felony for the three PFDCF charges. Second, he contends that the Superior Court committed plain error by allowing the jury to consider the PFDCF charges because the evidence was insufficient to show a nexus between the purported drug dealing activity and the firearms. Finally, he contends that the Superior Court committed plain error by allowing the jury to consider the Person Prohibited charges because the evidence was insufficient to show that he had possession of those items on or about June 3, 2016, the date specified in the indictment.

(3) We affirm the Superior Court's denial of King's motion for judgment of acquittal for the reasons given in the court's bench ruling dated May 10, 2017.

(4) As to King's second two claims, we find no plain error. "To warrant review on appeal when the issue has not been fairly presented [to the trial court], there must be 'plain error.'"[1] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the

---

[1] *Zhurbin v. State*, 104 A.3d 108, 113 (Del. 2014).

fairness and integrity of the trial process."[2]   "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[3]   There is no such error here: the Superior Court's alleged errors do not amount to "material defects which are apparent on the face of the record."[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/    James T. Vaughn, Jr
Justice

---

[2] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[3] *Id.*
[4] *Id.*

3